**CLD-018**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2398
_____

JEAN OSCAR,
                                    Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-01800)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2022

Before:  GREENAWAY, JR., MATEY, and MCKEE, <u>Circuit Judges</u>

(Opinion filed: November 28, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jean Oscar appeals the District Court's order denying his petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's order.

In June 2014, a jury in the Southern District of Florida convicted Oscar of two counts of possession of a gun by a convicted felon. He was subsequently sentenced to 144 months in prison. After the Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence, see United States v. Oscar, 877 F.3d 1270 (11th Cir. 2017), Oscar filed an unsuccessful motion pursuant to 28 U.S.C. § 2255.

In October 2019, Oscar filed a petition pursuant to 28 U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania. Relying on Rehaif v. United States, 139 S. Ct. 2191 (2019), he appeared to argue that the Government did not prove at trial that he knew he was a felon when he knowingly possessed the firearms.[1] The District Court denied the petition on the merits. Oscar filed a notice of appeal. In this Court, he has filed several motions.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Summary action is appropriate if there is no substantial question

---

[1] The Supreme Court held in Rehaif that the Government must prove that a defendant charged with violating 18 U.S.C. § 922(g) knew both that he possessed a firearm and that he belonged to the relevant class of persons barred from possessing a firearm. Rehaif, 139 S. Ct. at 2200.

2

presented in the appeal.  See 3d Cir. L.A.R. 27.4.

We have held that a defendant may proceed via a § 2241 petition if a court's subsequent statutory interpretation renders the defendant's conduct no longer criminal and he did not have an earlier opportunity to raise the claim.  Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  Assuming, without deciding, that Oscar's claim invoking Rehaif could fall within that narrow exception, cf. United States v. De Castro, 49 F.4th 836 (3d Cir. 2022) (ruling that petitioner was not entitled to coram nobis relief on Rehaif claim because there was no sound reason for his delay in asserting the claim), we conclude that he was not entitled to relief because, as discussed below, his Rehaif claim lacks merit.

Oscar argues that he is actually innocent of possessing a firearm as a felon.  To support his claim of actual innocence, Oscar must establish that it is more likely than not that no reasonable juror would have convicted him.  See Bousley v. United States, 523 U.S. 614, 623-24 (1998); see also United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (Bousley standard applies to innocence claims brought under § 2241).  That is, he must show that "in light of all the evidence, it is more likely than not that no reasonable juror properly instructed on the intervening interpretation would have convicted him." Cordaro v. United States, 933 F.3d 232, 241 (3d Cir. 2019).  The District Court is not limited to the existing record but should consider "all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and

3

evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Bruce, 868 F.3d at 184 (quoting Schulp v. Delo, 513 U.S. 298, 327-28 (1995)).

The record here contains strong circumstantial evidence that Oscar was aware that he was a convicted felon at the relevant time. See Rehaif, 128 S. Ct. at 2198 (noting that circumstantial evidence is sufficient to establish knowledge of status). In rejecting Oscar's argument that he was unaware that he was a felon, the District Court observed that he had been convicted of felonies in at least five prior cases. Oscar has not disputed these prior convictions. See Greer v. United States, 141 S. Ct. 2090, 2097 (2021) (noting that multiple felony convictions are substantial evidence that a defendant knew he was a felon); United States v. Adams, 36 F.4th 137, 152-53 (3d Cir. 2022) (rejecting argument that defendant with four prior felonies did not know his status because he was never sentenced to more than a year in prison); see generally United States v. Boyd, 999 F.3d 171, 180 (3d Cir. 2021) (explaining that "the same evidence that shows a defendant is objectively subject to a qualifying order will often also provide sufficient circumstantial evidence to infer the defendant's subjective knowledge of his status").

Oscar has not shown that it is more likely than not that no reasonable juror would have convicted him. Nor has he shown that the appeal presents a substantial question. For the above reasons, we will summarily affirm the District Court's order.

Oscar's motions are denied.